RIDOUT & LYON, LLP
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
Email: c.ridout@ridoutlyonlaw.com
DEVON M. LYON (State Bar No. 218293)
Email: d.lyon@ridoutlyonlaw.com
BRIAN D. JOHNSON (State Bar No. 266513)
Email: b.johnson@ridoutlyonlaw.com
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
(562) 216-7380
(562) 216-7385 Fax

Attorney for Defendants,
**CLIFF WARREN INVESTMENTS, INC. A California Corporation, and GEORGE H. BRETT, an Individual**

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE INIESTRA, an individual, MARIA INIESTRA, an individual, J.I., a minor by and through his GUARDIAN AD LITEM JORGE INIESTRA; I.I. a minor by and through his GUARDIAN AD LITEM JORGE INIESTRA; N.I. a minor by and through his GUARDIAN AS LITEM JORGE INIESTRA; JESUS DORADO, an individual, MARIA DEL REFUGIO DORADO, an individual, I.D., a minor by and through his GUARDIAN AD LITEM MARIA DEL REFUGIO DORADO; J.D., a minor by and through his GUARDIAN AD LITEM MARIA DEL REFUGIO DORANDO; G.D., a minor by and through his GUARDIAN AD LITEM MARIA DEL REFUGIO DORANDO,<br><br>Plaintiffs,<br><br>vs.<br><br>CLIFF WARREN INVESTMENTS, INC., A CALIFORNIA CORPORATION; GEORGE H. BRETT, an INDIVIDUAL, AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No.: SACV11-01235 AG (RNBx)<br><br>*Assigned for all purposes to the Honorable Andrew J. Guilford*<br><br>*Assigned for Discovery purposes to the Honorable Robert N. Block*<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY [PROPOSED]**<br><br>Date Action Filed: August 19, 2011<br>Trial Date: TBD<br>Department: 1D |

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY                                                                1

**STIPULATION**

Pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules, the parties, plaintiffs JORGE INIESTRA, MARIA INIESTRA, J.I., a minor by and through his GUARDIAN AD LITEM JORGE INIESTRA; I.I. a minor by and through his GUARDIAN AD LITEM JORGE INIESTRA; N.I. a minor by and through his GUARDIAN AS LITEM JORGE INIESTRA; JESUS DORADO, MARIA DEL REFUGIO DORADO, I.D., a minor by and through his GUARDIAN AD LITEM MARIA DEL REFUGIO DORADO; J.D., a minor by and through his GUARDIAN AD LITEM MARIA DEL REFUGIO DORANDO; G.D., a minor by and through his GUARDIAN AD LITEM MARIA DEL REFUGIO DORANDO (hereinafter collectively "Plaintiffs") and defendants Cliff Warren Investments, Inc. and George H. Brett (hereinafter collectively "Defendants"), hereto submit the following [Proposed] Stipulated Protective Order of Confidentiality ("Order"). Under this Order, it is stipulated and agreed by and between the parties hereto, through their respective counsel and subject to the approval of the Court, that the following Order shall govern discovery and disclosures in this action. The parties agree and make such stipulation without waiving any claims or defenses in this action and without acknowledging the propriety of any claim by any party that any information produced during discovery in this action constitutes confidential information, as defined in Paragraph 3.1. This Order and the procedures herein shall not affect the rights of the parties to object to discovery on any grounds, nor shall it relieve the parties of the necessity of proper response or objection to discovery requests.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for other than prosecuting this litigation is warranted. The parties hereto desire a protective order to protect the interests of each, respectively, in their own confidential information, as defined in Paragraph 3.1, by controlling access to and use of such information, while allowing discovery of the same to conduct this litigation and not for any other purpose.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items entitled under the applicable legal principles to treatment as protected material, as defined below.

## 2. GOOD CAUSE FOR ENTRY

There is good cause for this Order in this action because discovery and disclosure will necessarily entail, among other things: (1) confidential and protected information regarding customers of Defendants, and (2) information from Defendants regarding their business, business operations, proprietary computer and data systems which are competitively sensitive and confidential.

## 3. DEFINITIONS

**3.1 Confidential Information**

Information or tangible things, regardless of how generated, stored, or maintained, designated as "Confidential," such as trade secret information and confidential, competitive, or proprietary information, which qualify for protection under the standards developed under Federal Rule of Civil Procedure 26(c) and are designated as provided below in Paragraphs 5.2, 5.3, 5.4, and 5.5.

/ / /

/ / /

/ / /

This includes information such as customer or account information that identifies a customer or contains any protected information (such personal information provided for the purposes of evaluating prospective tenants and rental payments); sensitive business documents that disclose the company's competitive strategies or inner workings; and non-public financial information.

**3.2 Counsel**

Attorneys of record for the parties in this action, including their regular and temporary employees, such as paralegal, stenographic, and clerical employees.

**3.3 Designating Party**

A party or non-party that designates information or items that it produces in disclosures or responses to discovery as "Confidential."

**3.4 Expert**

A person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a party or of a competitor of a party (where competitors are limited to those entities whose primary business consists of the rental or sale of real estate) and who, at the time of retention, is not anticipated to become an employee of a party or a competitor of a party. This definition includes support staff employed by any such person, as well as any professional jury or trial consultants retained in connection with this litigation.

**3.5 Party**

Any party to this action, including all of its officers, directors, agents, representatives, or other employees, and those of its parent or affiliated company (if any), as well as its counsel.

**3.6 Protected Material**

Any disclosure, discovery material, or thing designated as "Confidential."

/ / /

/ / /

**4.    SCOPE AND DURATION**

The protections conferred by this Order cover not only protected material, but also any confidential information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus deposition testimony, conversations, or presentations by parties or counsel in settings other than court proceedings, that might reveal protected material.  Protected material and derivations therefrom presented as evidence at court proceedings are not included in the scope of this Order.

This Order regulates the handling of confidential information during the entirety of this litigation through appeal, and thereafter, shall remain in full force and effect until modified, superseded, or terminated on the record by the agreement of all the parties to this litigation or by order of the Court.  Insofar as the provisions of this Order restrict the use, disclosure, or communication of any document or thing produced under it, this Order shall continue to be binding after the termination of this action and the Court shall retain jurisdiction of all persons and parties bound by this Order for purposes of its enforcement and to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1 Exercise of Restraint and Care in Designating Material for Protection**

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify as confidential information, so that other portions of the materials, documents, or things for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1    If it comes to a party's or non-party's attention that information or items that it
2    designated for protection do not qualify for protection at all, the designating party
3    must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designation—Written or Documentary Form**

Confidential information in written or documentary form shall be designated by the party seeking protection prior to or contemporaneous with such information being served on or delivered to other parties or being made available for inspection and copying. Such information shall be designated by stamping or marking each document page with the word "Confidential." If only a portion or portions of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion(s) (e.g., by markings in the margins) and distinguish these protected portion(s) from those portion(s) that are not protected.

Failure to mark a document in accordance with this Order shall not preclude any party from so designating the document thereafter, provided the party, in good faith, does so promptly after learning of any such failure to designate; marks the document; and requests, in writing, that the receiving party so mark and treat the document in accordance with this Order. Thereafter, the document shall be fully subject to this Order. The receiving party shall not reveal any information produced, whether or not marked "Confidential," for a period of three (3) days after receipt. Neither party shall incur liability for any disclosures made prior to notice of such designations but after this three (3) day period.

**5.3    Manner and Timing of Designation—Non-Documentary or Non-Written Form and Tangible Things**

Confidential information in non-documentary or non-written form, or that is a tangible thing, shall be designated by the party seeking protection prior to such thing being served on or delivered to other parties or being made available for inspection and copying. Such information shall be designated by affixing the word

"Confidential" on the exterior of the container(s) in which the information or thing is stored. If only a portion or portion(s) of the information or thing warrant protection, the producing party shall, to the extent reasonably practicable, identify the protected portion(s) as distinguished from the non-protected portion(s). Failure to mark non-documentary or non-written information or tangible things in accordance with this Order shall not preclude any party from so designating it thereafter, provided the party, in good faith, does so promptly after learning of any such failure to designate; marks the information or thing; and requests, in writing, that the receiving party so mark and treat the information or thing in accordance with this Order. Thereafter, the information or thing shall be fully subject to this Order. The receiving party shall not reveal any information or thing produced, whether or not marked "Confidential," for a period of three (3) days after receipt. Neither party shall incur liability for any disclosures made prior to notice of such designations but after this three (3) day period.

### 5.4  Manner and Timing of Designation—Deposition or Other Testimony

Deposition testimony may be designated "Confidential:" (1) on the record at the deposition, (2) by serving written notification on other parties and an involved deponent within fifteen (15) days after receipt of the transcript by counsel for the designating party; or (3) at any time by written notification to the deponent and all other parties under the same procedures for identifying confidential information within fifteen 15 days after the transcript is received by counsel for the designating party.

All transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as confidential information for a period of fifteen (15) days after receipt of the transcript by counsel for the designating party. The party designating the testimony or information as confidential information may, within this fifteen (15) day period, specifically

1  designate information contained within the transcript(s) and exhibit(s) as
2  "Confidential," whether or not previously designated as such, by notifying all parties
3  and the deponent in writing of the specific pages and lines of the transcript or exhibit
4  that contains such information. Each party shall attach a copy of such written
5  statement to the face page of the transcript or exhibit and to each copy in its
6  possession, custody, or control, and any portion of such transcript or exhibit shall be
7  marked as described in Paragraph 5.2. Thereafter, the portions of the transcript or
8  exhibits designated as "Confidential," shall be treated in accordance with the terms
9  of this Order. If any portion of a transcript or any exhibit to a transcript has been
10 designated as "Confidential" and is filed with the Court, it shall be filed as set forth
11 in Paragraph 7.2.

12 During a deposition, upon good faith assertion by counsel for the designating
13 party that a question or line of questions is likely to result in the disclosure of
14 confidential information, any person not entitled under the pertinent provision on
15 Paragraph 6.2 to have access to confidential information, shall leave the deposition
16 or hearing until the question or line of questions is completed.  Confidential
17 information disclosed at a deposition shall not, directly or indirectly, in whole or in
18 part, be used with, disclosed, or made available to any person, except to those set
19 forth in Paragraph 6.2.

20 **5.5    Manner and Timing of Designation—Initial Disclosures**

21 Documents that may be produced for the initial disclosures in this action may
22 be designated as confidential information within thirty (30) days of the production.
23 Pending such designation, if any, no such document may be revealed for a period of
24 thirty (30) days after execution by the parties of this Order.

25 **5.6    Inadvertent Production of Privileged Material or Material**
26 **Entitled to Work Product Immunity**

27 Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil
28 Procedure 26(b)(5)(B), if a party, through inadvertence, produces or provides

information that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give notice to the receiving party or parties that the information is subject to a claim of privilege or work product immunity and request that the information be returned to the producing party. The receiving party or parties shall promptly return, sequester, or destroy the specified information and any copies it has, and the receiving party must not use or disclose the information until the claim is resolved. The receiving party must also take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. The receiving party may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. A disclosure of a communication or information covered by the attorney-client privilege or work product protection does not operate as a waiver in this proceeding or any other federal or state proceeding if the disclosure is inadvertent, the disclosing party took reasonable steps to prevent disclosure, and the disclosing party took reasonable steps to rectify the error, including the steps outlined above and in Fed. R. Civ. P. 26(b)(5)(B).

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

### 6.1 Basic Principles

No person, firm, corporation, or other entity subject to this Order shall use confidential information in any manner whatsoever except for the prosecution, defense, settlement, or appeal of this action. Nor shall any corporation or other entity subject to this Order give, show, disclose, make available, or communicate confidential information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such confidential information. Counsel shall make the terms of this Order known to all other persons bound by the Order and, together with their clients, are responsible to this Court for compliance with this Order. Nothing in this Order shall preclude any party from utilizing information that it presently possesses or which comes into its possession outside of the discovery

process in this action. Any such use does not violate this Order. Each party retains the right to pursue any claim or defense it may have against any other party arising from use of such information.

Except as authorized under this Order or pursuant to stipulation among counsel for all parties filed with the Court, counsel shall, at all times, have and maintain physical custody and control over all protected material and shall make diligent efforts to ensure that such material does not leave their control and is not disclosed orally. Failure to make such efforts shall be grounds for imposition of sanctions at the discretion of the Court.

**6.2 Disclosure of Confidential Information or Things**

Confidential information may be given, shown, disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Counsel, as defined in Paragraph 3.2;

(b) Parties, as defined in Paragraph 3.5, including, in the case of corporate parties, an officer, director, agent, representative, or other employee who has a need to know;

(c) The Court hearing this action, including its personnel, any jury empaneled in this action, and other persons, such as a court-appointed and/or party designated special master, who may serve in a judicial or quasi-judicial function;

(d) A professional court report engaged to transcribe testimony in this action;

(e) Experts, as defined above in Paragraph 3.4, but only if before disclosure, such person executes a Confidentiality Agreement, which shall be retained by the counsel of party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown;

(f) Deponents and any interviewee whom a party believes, in good faith, may possess relevant information, provided such person executes a Confidentiality

1 Agreement, which shall be retained by counsel or party in propria persona who
2 caused the Confidentiality Agreement to be signed, and shall be available for
3 inspection by other counsel or parties in propria persona upon good cause shown.
4 Such deponent or any other interviewee shall be shown the confidential information
5 but shall not be provided with copies thereof; and

6     (g) Such other persons as may be designated by written stipulation of all
7 parties to this action filed with the Court, by further order of the Court on motion by
8 any party to this action, or by subpoena for which no timely protective order is
9 obtained pursuant to Section 9.

10 **7.    INTRODUCING AND FILING PROTECTED MATERIAL**
11     **7.1 Introducing Protected Material**
12     Any party or counsel who, in the course of a deposition seeks to introduce,
13 use, or refer to material previously designated as confidential information, shall
14 advise counsel present immediately in advance of such intended introduction, use, or
15 reference, and shall treat the document or thing in accordance with the provisions of
16 this Order relating to confidential information.

17     **7.2 Filing Protected Material**
18     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court
19 contain information and/or documents that have been designated as "Confidential,"
20 the proposed filing shall be accompanied by an application to file the papers or the
21 portion thereof containing the designated information or documents (if such portion
22 is segregable) under seal; and the application shall be directed to the judge to whom
23 the papers are directed. For motions, the parties shall publically file a redacted
24 version of the motion and supporting papers.

25 **8.    DISPUTE RESOLUTION**
26     This Order is without prejudice to the right of the parties to bring before the
27 Court at any time the question of whether any particular document or information
28 constitutes confidential information. The parties agree to seek resolution of disputes

regarding the propriety of any designation of a document, material, information, or thing as confidential information before raising any such issues with the Court. If the parties and their counsel through the meet and confer process are unable resolve such a dispute, the parties shall promptly seek the Court's resolution by motion or telephone conference with the Court, if permitted. Any such motion or application brought before the Court will strictly comply with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. Irrespective of which party brings before the Court the question of whether any particular document, information, or thing constitutes confidential information, the burden of persuasion shall be on the party seeking to have the designation apply to the document, information, or thing in question. If any such disputes arise during the course of a deposition, the parties shall temporarily recess the deposition and meet and confer at that time to attempt to resolve the dispute.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

In the event a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this Order that seeks to compel production of protected material, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who asserted the "Confidential" designation at least seven (7) calendar days before the production (or, if less than seven (7) calendar days before the production, within at least one (1) business day after service of the subpoena but in no event after the date for production).

The party who initially designated the material as "Confidential" shall then have the responsibility to obtain a court order to quash the subject subpoena or obtain such other relief as will protect the confidential nature of the documents.

Nothing contained in this paragraph is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

**10. FINAL DISPOSITION**

Within thirty (30) days after the last day for filing of a notice of appeal of the final decision in this matter, with no such notice having been filed, or within thirty (30) days after the final designation of any decision on appeal and remand, if any, thereafter, whichever is later, all protected material and all other documents and other things (other than attorney work product) containing or reflecting confidential information (including, without limitations, all copies, extracts, or summaries thereof) shall be destroyed or delivered to counsel from whom said confidential information was obtained. At that time, counsel shall send to all parties and counsel written confirmation of the destruction or delivery of such confidential information.

**11. MODIFIED PROTECTIVE ORDERS OR FUTURE RELIEF OR ORDERS**

This Order is without prejudice to the right of the parties to present a motion to the Court for a separate or modified protective order as to any particular document, information, or thing, including restrictions that differ from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application or modification of this Order, nor shall it preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or any other applicable statue, rule, or authority.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

|     |                 |     |                                                                                                                                                                                              |
| --- | --------------- | --- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |                 |     | Respectfully submitted,                                                                                                                                                                      |
|     |                 |     | RIDOUT & LYON, LLP                                                                                                                                                                           |
|     | Dated: 1/6/12   | By: | /s/ Christopher P. Ridout<br>Christopher P. Ridout, CA Bar No. 143931<br>Devon M. Lyon, CA Bar No. 218293<br>Brian D. Johnson, CA Bar No. 266513<br>**Attorneys for Defendants**              |
|     |                 |     | LAW OFFICES OF CRAIG P. FAGAN                                                                                                                                                                |
|     | Dated: 1/6/12   | By: | /s/ Craig P. Fagan<br>Craig P. Fagan, CA Bar No. 149556<br>**Attorneys for Plaintiffs**                                                                                                      |

**[PROPOSED] ORDER**

Pursuant to the parties' Stipulation for Protective Order, IT IS SO ORDERED.

Dated: January 09, 2012

Robert N. Block, Magistrate Judge
UNITED STATES DISTRICT COURT

## PROOF OF SERVICE

RE: **INIESTRA v. CLIFF WARREN INVESTMENTS** (Case No. SACV11-01235AG1RNBx)

I certify that on January 9, 2012, I caused to be served a true and correct copy of the document:

**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**

upon all parties by ECF FILING NOTIFICATION to the following address(es):

Craig P. Fagan, Esq.
**LAW OFFICES OF CRAIG P. FAGAN**
cpfagan@faganlegal.com
6320 Raydel Court
San Diego, CA 92120
(619) 528-9600
(619) 528-9675 Facsimile

*Attorney for Plaintiffs,*
**JORGE INIESTRA, et al.**

/s/ Christopher P. Ridout

CHRISTOPHER P. RIDOUT